IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BRIDGETTE COOK
a/k/a BRIDGETTE SANFORD                                                    MOVANT

v.                                                                  No. 2:11CR165-SA-JMV

UNITED STATES OF AMERICA                                                RESPONDENT


**MEMORANDUM OPINION**

This matter comes before the court on the motion of Bridgette Cook to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

**Facts and Procedural Posture**

Bridgette Cook has been actively engaged in criminal activity for over fifteen years. (Sentencing Tr., p.7). During that time, she has repeatedly committed fraud or theft-related offenses; indeed, Cook's Pre-Sentence Investigation Report ("PSR") noted that the instant offense is her twenty-eighth fraud- or theft-related conviction. (See PSR, ¶ 106). Cook admitted the following facts contained in the factual basis supporting her guilty plea. Prior to January 22, 2008, Cook obtained the bank account information of Tri-Firma Excavator, LLC. (Change of Plea Tr., p.16). Tri-Firma Excavator, LLC was a heavy construction company, the activities of which affected interstate commerce. *Id*. After obtaining Tri-Firma's bank account information, Cook, along with Yarico Butler, used Tri-Firma's bank account numbers to create counterfeit checks. *Id*. Cook, along with Yarico Butler, created counterfeit Tri-Firma checks in the names of Kataunya Hall and Eddie Williams, each in the amount of $1,175.96. *Id*. On January 22, 2008, Yarico Butler and Eddie Williams attempted to pass the counterfeit Tri-Firma checks at BankPlus branches in DeSoto County, Mississippi. *Id*. Cook also used Tri-Firma's bank

account information to create a counterfeit check in the name of Realty Lending and made payable to "Bridgette Cook." *Id*.

On June 24, 2008, law enforcement officers executed a search warrant on Cook's home at 7415 Perry Lane, Horn Lake, Mississippi. (Change of Plea Tr., p.17). During the course of searching Cook's home, officers found numerous counterfeit payroll checks. *Id*. Officers also found various forms of stolen identification, such as insurance cards, social security cards, and drivers licenses, and Cook was using them to create false identification documents and counterfeit checks. *Id*. In addition, officers found blank check stock and a computer and printer that Cook had used to manufacture counterfeit checks. *Id*.

After receiving a valid *Miranda* warning, Cook admitted that she had made counterfeit checks with Yarico Butler – and that she had trained Butler to make counterfeit checks. *Id*. On December 14, 2011, a federal grand jury returned a three count indictment charging Bridgette Cook and Yarico Butler. When the indictment was returned against Cook, she was incarcerated in Mississippi state custody in Pearl, Mississippi.

On April 16, 2012, Cook entered a plea of guilty to Count One of the indictment, which charged Cook with conspiring to defraud the United States through check forgery, in violation of Title 18, United States Code, Sections 371 and § 514(a)(1) & (a)(2). Counts Two and Three of the indictment were dismissed under the Plea Agreement. The Probation Service calculated Cook's total offense level as 12, including an enhancement for being an organizer, with a criminal history category of VI which yielded an imprisonment range of 30-37 months. The Probation Service did not include any checks that could be associated with Cook's Tennessee charges in order to ensure that Cook was not being sentenced based on those checks. (PSR, ¶ 18).

Cook's guideline calculation yielded a total offense level of 12 and a criminal history category of VI with an imprisonment range of 30 to 37 months. (PSR, ¶ 91). At Cook's sentencing hearing, the court acknowledged the letters received on Cook's behalf and gave Cook and her attorney an opportunity to speak. (Sentencing Tr., p.5). The court sentenced Cook to forty-eight months imprisonment (an upward variance from the guideline range), followed by three years of supervised release. (Sentencing Tr., p.13). The court explained the necessity for the upward variance from Cook's advisory guideline range:

> The Court has already noted that you have an extensive criminal history. There are convictions other than theft, forgery, and fraud-related charges, but certainly, the bulk of them deal with theft and fraud charges, some 28 convictions.
>
> This sentence above the guidelines is also being imposed to reflect the seriousness of this offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct.
>
> That's probably one of the main ones, Ms. Cook. This court is convinced that of all the previous fines and terms of prison and jail time that's been imposed, it seems that nothing has deterred you from your criminal activity. Once you're released, you go back to what you know best, and that is – that is conduct of theft and forgery and misconduct of fraud.
>
> The Court is also imposing this upward variance to protect the public from you, from any further crimes that you may commit. An upward variance is imposed in this case to protect the public from further crimes of the defendant, to provide just punishment for the offense, and to promote respect for the law . . .
>
> In imposing sentence, the Court has considered the advisory guideline range, the statutory penalties, and the sentencing factors under 18 U.S.C., Section 3553(a), which I've just discussed with you. The Court finds that imposing a sentence outside the advisory guideline range pursuant to 18 U.S.C., Section 3553(a) would better achieve the statutory purposes of sentencing.

Sentencing Tr., pp. 11-12.

During her sentencing hearing, Cook denied that the computer, printers and blank check stock used for her forgeries were found in her home. (Sentencing Tr., p. 18). However, at her earlier change of plea hearing, Cook agreed with the factual basis proffered by the government,

which said that officers searching Cook's home found "blank check stock and a computer and printer that Cook had used to manufacture counterfeit checks." (Change of Plea Tr., p.17).

On November 20, 2012, Cook filed a *pro se* Motion to Correct Sentence. (See "Pro Se Motion to Correct Sentence," D.E. #53). The court found that the motion was untimely and denied the motion on December 3, 2012. (See "ORDER Denying Motion to Amend/Correct" D.E. #55).

On November 28, 2012, Cook filed a notice of appeal challenging the District Court's decision to sentence her to an upward variance. She did not appeal the merits of her conviction. On December 3, 2012, Cook filed a Motion to Vacate her sentence under 28 U.S.C. § 2255, and on January 8, 2013, she filed an Amended Motion to Vacate pursuant to 28 U.S.C. § 2255.

On August 30, 2013, the Fifth Circuit, *per curiam*, affirmed Cook's sentence. *See United States v. Cook*, 539 Fed.Appx. 476 (5th Cir. 2013) (unpublished). Cook then filed the present 28 U.S.C. § 2255 petition.

**Cook's Claims Under 28 U.S.C. § 2255**

Bridgette Cook alleges three grounds for relief in the instant motion under 28 U.S.C. § 2255. First, she claims that the court erred in imposing a sentence above the suggested range under the United States Sentencing Guidelines. Second, Cook alleges that the court erred in computing the appropriate amount of restitution to be repaid to the victims of her crime. Finally, Cook argues that the court computed her sentence incorrectly by not accounting for presentence incarceration. As discussed below, none of these claims has merit, and the instant motion will be denied.

**Standard for Obtaining Relief Under 28 U.S.C. § 2255**

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum

sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir.1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. *Cates*, 952 F.2d at 151. Relief under 28 U.S.C. § 2255 is not available to test the legality of matters that should have been raised on appeal. *United States v. Walling*, 982 F.2d 447, 448-449 (10th Cir. 1992). A petitioner may not raise constitutional claims for the first time on collateral review unless she demonstrates a cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992), *cert. denied*, 506 U.S. 1007 (1992); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The burden of showing "cause," an "objective factor external to the defense," rests with the petitioner. *McCleskey v. Zant*, 111 S.Ct. 1454, 1470 (1991). No other types of errors may be raised on collateral review unless the petitioner demonstrates that the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice. *Pierce*, 959 F.2d at 1301; *Shaid*, 937 F.2d at 232. Additionally, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979). Likewise, a motion brought under § 2255 cannot be used as a substitute for a direct appeal. *See United States v. Addonizio*, 442 U.S. 178 (1979). In general, relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of claims that could not have been raised on direct appeal. *See United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994).

### Ground One: Procedural Bar

In the present § 2255 petition, Cook alleges that she should have received a sentence within the United States Sentencing Guidelines range – and that the court committed error in sentencing her to an upward variance of forty-eight months. Cook raised this issue on direct appeal, and the sentence was affirmed by the Fifth Circuit.

> The above-guidelines sentence was not an abuse of discretion. The choice of the sentence was grounded in the district court's assessment of proper factors, including

> Cook's extensive history of 28 fraud convictions, some of which were not counted in her 20 criminal history points, seven more than needed to place her in Category VI; the ineffectiveness of prior sentences in deterring future criminal behavior; and the need to protect the public.

*United States v. Cook*, 539 Fed. Appx. 476 (5th Cir. 2013) (unpublished). "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir.1980)). Cook's only issue on direct appeal was that the court's upward variance from the United States Sentencing Guidelines was unreasonable. The Fifth Circuit ruled on the issue and affirmed the sentence. As such, Cook cannot raise the issue again in her § 2255 petition, and this issue will be dismissed as procedurally barred.

### Ground Two: Not a Valid § 2255 Claim

In Ground Two of the instant petition, Cook objects to the court's restitution order. Section 2255 is not a proper vehicle for addressing claims regarding restitution. *United States v. Hatten,* 167 F.3d 884, 887 (5th Cir.1999) ("[W]e make plain today that complaints concerning restitution may not be addressed in § 2255 proceedings.") "Nearly every circuit to consider the issue has concluded that an order of restitution may not be attacked in a § 2255 petition, even if the petition also alleges error in the sentence of imprisonment." *Kaminski v. United States*, 339 F.3d 84, 88 (2d Cir. 2003) (citing *Hatten*). As such, Cook's claim regarding the amount of restitution must be denied.

### Ground Three: Failure to Exhaust

Finally, Cook argues that the court should have given her credit for the time she was incarcerated prior to sentencing. Credit for time served is calculated and awarded by the Attorney General, through the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 335 (1992). The defendant must first raise the issue of her getting credit for time served with the Bureau of

Prisons before seeking redress with the District Court. "[T]he district court did not err by refusing to award credit for time served in state confinement because the Attorney General, through the Bureau of Prisons, determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *United States v. Rorex*, 142 Fed.Appx. 808, 808-09 (5th Cir. 2005). A district court may review the defendant's claim that the she is entitled to credit for time served only *after* she has raised the issue with the Bureau of Prisons. *See, Dix v. Longino*, 2011 WL 4853361, *1 (E.D. La 2011); *see also Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Cook has provided no evidence that she has raised the issue of receiving credit for time served with the Bureau of Prisons. As such, Cook must first exhaust her administrative remedies before seeking relief from the District Court. As such, her claim under 28 U.S.C. § 2255 regarding computation of her sentence will be denied.

## Conclusion

In sum, none of Bridgette Cook's claims has merit, and the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 11th day of September, 2014.

                                                 **/s/ Sharion Aycock**
                                                 **U.S. DISTRICT JUDGE**